No. 04-490

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 62N

JOHN P. DALY and AUDREY M. DALY,

       Plaintiffs and Respondents,

    v.

U.S. BANCORP PIPER JAFFRAY, INC., and
THOMAS J. O'NEILL, and JOHN DOES I through X,

       Defendants and Appellants.

APPEAL FROM:    The District Court of the Second Judicial District,
                In and For the County of Silver Bow, Cause No. DV 2002-14,
                Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

       For Appellants:

           Stanley Kaleczyc and Brand Boyar, Browning, Kaleczyc, Berry
           & Hoven, Helena, Montana

           John S. Lutz, Fairfield & Woods, Denver, Colorado (U.S. Bancorp)

       For Respondents:

           William P. Joyce, Joyce & Johnson, Butte, Montana

           Robert J. Phillips, Phillips & Bohyer, Missoula, Montana

                Submitted on Briefs:  January 4, 2005

                        Decided:  March 15, 2005

Filed:

                            _____
                                    Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2      This case is one of 23 different actions against U.S. Bancorp Piper Jaffray, Inc. (Piper), involving the alleged mismanagement of accounts in the corporation's Butte office. This particular action involves a form Ms. Daly signed in 1993.  The form was mailed to her with instructions that she sign the form in two places and then mail it back to Piper.  She spoke to defendant O'Neill over the phone about these forms, and O'Neill, who was then a Piper employee, advised her to sign it and did not explain to her that by signing the form she was agreeing to an arbitration clause.  Ms. Daly signed the form, but only in one of the two signature blocks.  She and Mr. Daly signed in the final signature block, but not in the block next to the arbitration clause.

¶3      These facts and the issues arising from them are substantially identical to those in *Willems v. U.S. Bancorp Piper Jaffray, Inc.*, 2005 MT 37, ¶ 22, 326 Mont. 103, ¶ 22, ___ P.3d ___, ¶ 22.  That case held that a clause granting Piper broad discretion over an investor's holdings created a fiduciary duty.  That clause, in addition to the arbitration clause, was also part of the Dalys' 1993 form.  *Willems* further held that because of the

2

fiduciary duty, Piper was obligated to advise the investor of the arbitration clause, and that because Piper did not, the arbitration clause was unenforceable. *Willems*, ¶ 25.

¶4    The Dalys argue that because they did not sign the signature box next to the arbitration clause they are not bound by its terms. We need not address that contention. Even if they had signed that clause they would have entered into a fiduciary relationship with Piper, and Piper still would have had the duty of explaining the impact of the arbitration clause to them. Therefore, in light of *Willems*, we affirm the District Court's conclusion that Piper owed a fiduciary duty to explain the arbitration provision to the Dalys, that it breached that duty, and therefore that the pre-dispute arbitration provisions are unenforceable.

/S/ W. WILLIAM LEAPHART

We Concur:

/S/ PATRICIA O. COTTER
/S/ JIM RICE
/S/ JAMES C. NELSON
/S/ JOHN WARNER